Jesse Dewayne WICKLIFFE *v.* STATE of Arkansas

TEN 96-108                                    970 S.W.2d 298

Supreme Court of Arkansas
Opinion delivered June 25, 1998

*A. Wayne Davis,* for appellant.

No response.

PER CURIAM. On February 12, 1998, we issued an order holding attorney A. Wayne Davis in contempt of court and sentenced him by imposing fines totalling $500.00. Because those fines were not paid, we issued an order on May 21, 1998, for Mr. Davis to appear and show cause why he had failed to pay his fines or to make arrangements for their payment.

On June 18, 1998, Mr. Davis appeared before this court with his counsel, John Wesley Hall, and informed the court that he had paid his fines in full immediately before the hearing. He opted, however, to enter a not-guilty plea, so he could explain to an appointed master and the court why his prior nonpayment of the

fines was not willful on his part. The court took Mr. Davis's plea under submission.

At the hearing, the court was assured Mr. Hall was continuing as Mr. Davis's counsel in this matter, and because Mr. Davis's whereabouts had been unknown, Mr. Hall stated he would accept future service on Mr. Davis's behalf. Under questioning by the court, Mr. Davis stated he could be personally served at a designated post office box in Little Rock or at his parents' address. Those addresses have been submitted to the clerk's office.

Mr. Davis was informed at the June 18 hearing that we would accept his plea but would then decide whether the matter was appropriate for appointment of another master. This matter has become somewhat complex due to Mr. Davis's prior failures to proceed timely. In this respect, during the pendency of these matters concerning Mr. Davis, Mr. Davis's client, Jesse Dewayne Wickliffe, has been placed in a position where his counsel, Mr. Davis, has not been able to function because his attorney's license has been suspended. In fact, because of Mr. Davis's failure to proceed in this matter, Mr. Wickliffe's appeal was dismissed. Mr. Wickliffe has been notified by this court's clerk, by letter dated May 18, 1998, that Mr. Wickliffe must retain new counsel or, if he is indigent, Mr. Wickliffe must file a motion to proceed in forma pauperis before this court can reinstate his appeal. As yet, Mr. Wickliffe has not responded. Also, although Mr. Davis has suggested an inability to have paid his fines before June 18, 1998, he has not, as yet, given any reason why he had never contacted the clerk's office to relate such an inability or to arrange a method of payment.

■ We have decided not to appoint a master in this cause, so Mr. Wickliffe's case can proceed without further complications or delays. In doing so, we note Mr. Davis's fine payment in full and rule he has complied with that sentencing portion of the court's per curiam order dated February 12, 1998. Mr. Davis's payment does not absolve him of the actual finding of contempt in the order of February 12, but only of his failure of payment of the fines therein.

■ There have been a number of other earlier orders involving Mr. Davis's past conduct referred to the Professional Conduct Committee. Consequently, we refer this latest order to the Committee so it may have a complete and full understanding of Mr. Davis's actions and inactions taken in this matter.